NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SANDRA SUTTON,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3147

---

Appeal from the Merit Systems Protection Board No. CH-844E090813-I-1.

---

Decided: January 13, 2011

---

SANDRA SUTTON, of Downers Grove, Illinois, pro se.

SARA B. REARDEN, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel. Of counsel was CHRISTOPHER L. KRAFCHEK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC,

---

Before NEWMAN, FRIEDMAN, and LOURIE, *Circuit Judges.*

PER CURIAM.

This pro se appellant challenges the Merit Systems Protection Board ("Board")'s dismissal of her petition for review of the initial decision of the Board's administrative judge because she had not shown good cause for her untimely filing.  We affirm.

I

Following the appellant Sandra Sutton's removal by the United States Postal Service, she sought disability retirement based on her medical conditions.  The Office of Personnel Management ("OPM") denied her retirement application because she had not shown that she was disabled.  She challenged that ruling before the Board.

In her initial decision dated November 17, 2009, the Board's administrative judge upheld OPM's decision, ruling that Sutton had not shown that she was disabled. That decision stated that unless a petition for Board review was filed by "December 22, 2009," it would become the Board's final decision.  Sutton filed a petition for review on January 22, 2010, a month after the deadline for such filing, under 5 C.F.R. § 1201.114(d).

The Board notified Sutton that the petition for review "appear[ed] to be untimely," but that she could submit a motion "to waive the time limit for good cause."  Sutton filed such a motion, stating that she did not receive the initial decision until December 1, 2009, and asking that the deadline be waived because during this time period she was (1) homeless, (2) ill, and (3) moving.

The Board dismissed the petition for review as untimely, finding that Sutton did not demonstrate good

cause for waiver of the deadline. *Sutton v. Office of Pers. Mgmt.*, 113 M.S.P.R. 576, 577 (2010). The Board stated that even if Sutton had not received the initial decision until December 1, the petition still was untimely because it was not filed within 30 days of its receipt. *Id.* at 579. The Board rejected the grounds upon which Sutton sought to excuse her late filing (discussed in Part II, below) as insufficient to establish "good cause" for her default.

## II

A petition for review of an initial Board decision "must be filed within 35 days after the date of issuance of the initial decision" or if "the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision." 5 C.F.R. § 1201.114(d). The Board may waive the deadline for "good cause" demonstrated by "a specific and detailed description of the circumstances causing the late filing, accompanied by supporting documentation or other evidence." § 1201.114(f).

Sutton here repeats the three grounds on which she unsuccessfully contended before the Board that she had shown "good cause" for her untimely filing.

First, Sutton contends that illness prevented her from filing on time. As the Board told Sutton in its notice that she could show "good cause" for her untimeliness, if illness was a cause she was required to demonstrate "how the illness prevented [her] from timely filing [her] . . . petition for review." The Board justifiably concluded that Sutton had not satisfied that requirement. As the Board noted, although Sutton submitted "voluminous medical records," most were not pertinent to the time period for seeking review of the initial decision. Those that related to the relevant period, however, did not demonstrate "how

these conditions prevented her from timely filing her petition for review." *Id.* at 581.

Second, Sutton contends that her homelessness prevented her from timely filing her petition for review. The Board concluded that Sutton did not present evidence she was homeless during the relevant time period. Indeed, Sutton's other statements during the litigation are inconsistent with this claim. Sutton previously stated that she was "no longer homeless" in October 2009 and had moved into an apartment as of "September 29, 2009." In her reply brief, Sutton states that she was no longer homeless as of October 1, 2009.

Finally, Sutton contends that her move into her new apartment constituted "good cause" for waiving the deadline. But, as the Board stated, the "fact of moving during the relevant time period is inadequate to show good cause for [] delay where [Sutton] was informed of the deadline." *Sutton*, 113 M.S.P.R. at 580.

"We have often stated that whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). Here the Board clearly and convincingly explained why Sutton's justifications for her untimely filing were inadequate to constitute "good cause" for delay. The Board did not abuse its discretion or otherwise commit legal error in so concluding.

An additional point, of which Sutton as a pro se litigant may not be aware, is worth mentioning.

Even if Sutton had prevailed in her contention that she had established "good cause" for her untimely filing,

that would not mean that she had established her entitlement to a disability retirement (which she argues in her informal brief). It would mean only that the Board should not have dismissed as untimely her petition for review of the initial decision. The Board then would have had to decide whether to grant her petition for review, a determination that lies largely within the Board's discretion. If the Board granted the petition, it then would have had to decide whether OPM erred in denying her disability retirement. In other words, she still would have had a long road ahead of her even if she had prevailed in her primary contention.

CONCLUSION

The Board's decision dismissing the petition for review as untimely filed is

**AFFIRMED.**