## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TANYA F. PELCHER-HERRING,<br>Appellant, | DOCKET NUMBER<br>DC-0752-13-0152-B-1 |
| v. | |
| FEDERAL MEDIATION AND<br>CONCILIATION SERVICE,<br>Agency. | DATE: November 12, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tanya F. Pelcher-Herring</u>, Brentwood, Maryland, pro se.

<u>William B. Wiley</u>, Esquire, San Francisco, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the remand initial decision which denied her affirmative defenses under 5 U.S.C. § 2302(b)(9)(B) and (b)(12). For the reasons set forth below, the appellant's petition for review is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2    The appellant filed an initial appeal of her removal based on her medical inability to perform the duties of her position. Initial Appeal File (IAF), Tab 1. In a nonprecedential remand order, we affirmed the majority of the administrative judge's initial decision sustaining the appellant's removal and denying her affirmative defenses of discrimination, whistleblower reprisal, harmful error, and due process violations. MSPB Docket No. DC-0752-13-0152-I-1, Petition for Review File, Tab 6, Remand Order at 2-3 (Jan. 23, 2014). Upon reviewing the appellant's initial appeal and the administrative judge's prehearing orders and initial decision, however, we found that the administrative judge failed to address the appellant's affirmative defenses of prohibited personnel practices under 5 U.S.C. § 2302(b)(9)(B) and (b)(12). *Id*. at 3. We remanded the case to the administrative judge with instructions to apprise the appellant of her burdens to establish these defenses, to hold a supplemental hearing, and to reissue the initial decision addressing these claims. *Id*. at 18-19. We further explained that, if the administrative judge denied these affirmative defenses, he could readopt the prior initial decision sustaining the appellant's removal and denying the other affirmative defenses. *Id*. at 19-20.

¶3    Following our remand order, the administrative judge allowed the parties a limited opportunity to develop the record on the issues raised in connection with the appellant's affirmative defenses under 5 U.S.C. § 2302(b)(9)(B) and (b)(12), and he held a supplemental hearing. On July 2, 2014, the administrative judge issued a remand initial decision denying the appellant's affirmative defenses, finding that, although she established that she engaged in a protected activity under section 2302(b)(9)(B) by testifying and assisting other employees with equal employment opportunity and Office of Special Counsel complaints, she

failed to establish that any of the agency officials involved in her removal proceedings were aware of her protected activity. Remand Appeal File, Tab 24, Remand Initial Decision (RID) at 5-6. The administrative judge then readopted the findings in the prior initial decision sustaining her removal and denying her other affirmative defenses. RID at 6.

¶4    The appellant filed a petition for review of the initial decision on August 7, 2014, via the Board's e-Appeal system. Petition for Review (PFR) File, Tab 1. The administrative judge's initial decision, however, became final on August 6, 2014. RID at 7; 5 C.F.R. § 1201.113. In response to the Board's timeliness questionnaire, the appellant alleged that she did not receive the initial decision until July 8, 2014, 6 days after it was issued by the administrative judge, and that she also experienced a medical condition during the petition for review filing period which established good cause for her untimely filing. PFR File, Tabs 1, 4. The agency has filed a response in opposition to the petition for review, and the appellant has filed a reply. PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    A petition for review generally must be filed within 35 days after the date of issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on July 2, 2014, thus making the petition for review filing deadline August 6, 2014. RID at 7. The appellant, however, filed her petition for review on August 7, 2014. PFR File, Tab 1. Although the appellant claims she received the remand initial decision on July 8, 2014, PFR File, Tab 1 at 3, the appellant was registered as an e-filer, *see* IAF, Tab 1 at 2, and pursuant to 5 C.F.R. § 1201.14(m)(2), the appellant is deemed to have received the remand initial decision on the date of its electronic submission, July 2, 2014. We thus find that the appellant filed her petition for review 1 day late.

¶6     The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). The party submitting the untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014). To determine whether a party has established good cause, the Board will consider the length of the delay, the reasonableness of the excuse and the party's showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Id*.

¶7     We find that the appellant has not established good cause for accepting her untimely petition for review. Although the appellant is proceeding pro se, and her petition for review was filed only 1 day late, we find that the appellant has offered no justification for her late filing other than to assert that she received the remand initial decision 6 days after it was electronically transmitted to the parties. *See* PFR File, Tab 1 at 3. Pursuant to 5 C.F.R. § 1201.14(m)(2), however, Board documents served electronically on registered e-filers are deemed received on the date of electronic submission, and the appellant has offered no basis to substantiate her claim that she received the decision 6 days after it was electronically issued. *See* PFR File, Tabs 1, 4. We therefore find no reason to deviate from the presumption of receipt under 5 C.F.R. § 1201.14(m)(2). *See Palermo*, 120 M.S.P.R. 694, ¶ 5 (explaining that under limited circumstances, the Board will excuse late filings caused by difficulties encountered with the e-Appeal system). The appellant, moreover, has not argued that she encountered

filing difficulties with the e-Appeal system during the petition for review filing period which could excuse her late filing.[2]  PFR File, Tab 4 at 5.

¶8        The Board has also found that a party's misinterpretation or misreading of the filing deadline, without more, does not establish good cause for an untimely filing where the initial decision informs the parties of the proper filing deadline and provides notice of the process for filing a petition for review.  *See Waldo v. Department of the Air Force*, 93 M.S.P.R. 58, ¶ 9 (2002).  We find no reason to conclude that any confusion the appellant may have encountered establishes good cause for her untimely filing.  *See id.*  Additionally, although the appellant is proceeding pro se, and the delay in her filing is minimal, these factors, alone, do not demonstrate good cause.  *See Sutton v. Office of Personnel Management*, 113 M.S.P.R. 576, ¶ 12 (2010), *aff'd*, 414 F. App'x 272 (Fed. Cir. 2011), *cert denied*, 132 S. Ct. 837 (2011).

¶9        Finally, we find that the appellant's medical condition, which arose during the petition for review filing period, does not establish good cause for her untimely filing.  PFR File, Tab 4 at 5 (the appellant's assertion that she had surgical procedures and follow up appointments on July 15 and 16, 2014).  Although the appellant has submitted documentation establishing that she attended medical appointments on two dates in July 2014, the appellant has not explained how her medical condition or her attendance at these appointments prevented her from timely filing her petition for review or from requesting an extension of time.  *See Sutton*, 113 M.S.P.R. 576, ¶ 10.  The appellant, therefore, has not established good cause for her untimely filing based on medical incapacity.  *See id.*

---

[2] The appellant argues that the e-Appeal system was inaccessible after midnight on August 7, 2014, due to system maintenance and that it was not accessible again until the morning of August 8, 2014.  *See* PFR File, Tab 4 at 5.  Because this system maintenance post-dates the remand initial decision's finality date, we find that it does not establish good cause for the appellant's untimely filing.

¶10    Accordingly, we DISMISS the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The remand initial decision, together with the initial decision in MSPB Docket No. DC-0752-13-0152-I-1, is the Board's final decision affirming the appellant's removal from employment and denying her affirmative defenses.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the

date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.