## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARBARA A. JORDAN,<br>　　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-12-0036-I-1 |
| 　　　　v. | |
| ENVIRONMENTAL PROTECTION<br>　　AGENCY,<br>　　　　　　Agency. | DATE: September 22, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Barbara A. Jordan, Stone Mountain, Georgia, pro se.

Alexandra Meighan, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which affirmed the agency's action removing her from her position as an Administrative Officer. For the reasons set forth below, the appellant's petition for review is

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2      The appellant appealed the agency's action removing her from her position as an Administrative Officer, GS-11.  Initial Appeal File (IAF), Tab 1.  After holding a hearing, the administrative judge sustained the charged misconduct and affirmed the agency's removal.  Initial Decision (ID) at 10-13.  The initial decision also informed the parties that it would become final, unless a party filed a petition for review by April 23, 2012.  ID at 13.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3      The appellant, however, did not file her petition for review until July 9, 2015.  Petition for Review (PFR) File, Tab 1.  On review, she states that she has been homeless since August 2011 and she asserts that she did not receive the initial decision "via mail" when it was issued.  *Id.* at 3.  She also appears to assert that she only learned that the initial decision was issued when she went to the Board's Atlanta Regional Office on February 14, 2014, over approximately 2 years later.  *Id.*

¶4      A petition for review must be filed within 35 days after the date of issuance of the initial decision.  *Sutton v. Office of Personnel Management*, 113 M.S.P.R. 576, ¶ 5 (2010), *aff'd*, 414 F. App'x 272 (Fed. Cir. 2011); 5 C.F.R. § 1201.114(d).  The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the delay in filing.  *Id.*; *Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 5 (2006); 5 C.F.R. §§ 1201.12, 1201.114(f).  To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse

and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5    Here, the appellant's filing delay was substantial as she filed her petition for review over 3 years after the April 23, 2012 filing deadline. While she asserts that her petition was untimely because she did not become aware of the initial decision until February 14, 2014, she has offered no justification for the delay between February 14, 2014, and her filing on July 9, 2015, approximately 17 months later. We also find that, even if true that she did not learn about the existence of the initial decision until then, her inordinate delay in checking on the status of her case did not exhibit ordinary prudence or due diligence. Nor has she explained how her homelessness since August 2011 prevented her from timely filing her petition for review, especially in light of the fact that she pursued this appeal below from September 2011 to March 2012.

¶6    To the extent the appellant appears to be asserting that she had medical issues that prevented her from timely filing her petition for review, the Board will find good cause for a filing delay where an appellant has demonstrated that she suffered from an illness that affected her ability to file on time. *Sutton*, 113 M.S.P.R. 576, ¶ 10; *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time. *Sutton*, 113 M.S.P.R. 576, ¶ 10; *Lacy*, 78 M.S.P.R. at 437. While there is no general incapacitation requirement, the appellant is required to explain why her alleged illness impaired

her ability to meet the Board's filing deadline or seek an extension of time. *Sutton*, 113 M.S.P.R. 576, ¶ 10; *Lacy*, 78 M.S.P.R. at 437 n.\*. Here, the appellant submits medical documentation from 2014 and 2015, well after the filing deadline, and she fails to provide any explanation as to how her medical conditions prevented her from timely filing either her petition or a request for an extension of time. *See*, *e.g.*, *Ortiz v. Department of Justice*, 103 M.S.P.R. 621, ¶ 23 (2006) (finding that a letter by the appellant's physician that the appellant suffered from depression and other conditions was insufficient to justify the entire 3-year delay in filing a petition for review where the letter failed to state that the appellant's condition was so severe that he could not file a petition or seek help to do so). Thus, we find that the appellant has not demonstrated that her medical conditions prevented her from timely filing her petition for review.

¶7        Moreover, the record reflects that the appellant elected to register as an e-filer. IAF, Tab 1 at 2. Under 5 C.F.R. § 1201.14(m)(2), Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. When a statute or regulation "deems" something to have been done, the event is considered to have occurred whether or not it actually did. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009). Thus, the initial decision would have been deemed received on March 19, 2012.

¶8        An e-filer may withdraw her registration as an e-filer at any time during a Board proceeding, but such withdrawal must be done by written pleading, submitted either via e-Appeal Online or via nonelectronic means. 5 C.F.R. § 1201.14(e)(4). In this instance, while the appellant asserts that she did not receive the initial decision "via mail," there is no evidence in the record that she ever expressed a desire to change her e-filing status. Under these circumstances, we find that the appellant did not terminate her status as an e-filer, and that she has failed to show that she exercised the due diligence or ordinary prudence in this case that would justify waiving the filing deadline. We therefore find the

petition for review was untimely filed without a showing of good cause for the delay.

¶9 Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                        _____
                                                      William D. Spencer
                                                      Clerk of the Board

Washington, D.C.