# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARIA THERESA BOUCHER,
              Appellant,

       v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
AT-0752-07-1000-C-2

DATE: January 11, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Maria Theresa Boucher, Huntsville, Alabama, pro se.

Eric B. Fryda, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which dismissed her petition for enforcement. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown for the delay. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2 The appellant previously filed separate adverse action appeals challenging her placement on indefinite suspension and her removal from employment. *See generally Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶¶ 2-6 (2012) (summarizing the procedural history of the appellant's Board appeals). Following a hearing, an administrative judge sustained the appellant's indefinite suspension, and that decision became final in February 2008, when neither party filed a petition for review. *See id.*, ¶ 4. In the appellant's separately filed removal appeal, the Board ultimately affirmed the administrative judge's mitigation of the appellant's removal to a 90-day suspension in November 2012. *Id.*, ¶¶ 13, 30.

¶3 The appellant filed the instant petition for enforcement in April 2014, alleging, among other things, that she had not been made whole following her return to employment.[2] Compliance File (CF), Tab 1. After issuing several orders and conferring with the parties, the administrative judge dismissed the appellant's petition for enforcement. CF, Tab 31, Compliance Initial Decision (CID). In his compliance initial decision, the administrative judge found that, to the extent the appellant sought to challenge an arbitrator's decision, the Board lacked jurisdiction over such a challenge brought independently by a Postal Service employee. CID at 5 (citing *Anderson v. U.S. Postal Service*, 109 M.S.P.R. 558 (2008)). The administrative judge further explained that the appellant was not arguing that the agency had improperly extended her placement on indefinite suspension, and he also found that the Board previously had found the agency to be in compliance with its final order mitigating the appellant's removal. CID at 7, 10-12. Thus, to the extent the appellant sought to challenge the agency's compliance with the mitigation of her removal, the

[2] The appellant filed a prior petition for enforcement in April 2012, which the administrative judge assigned to that matter denied. *See Boucher v. U.S. Postal Service*, MSPB Docket No. AT-0752-07-1000-C-1, Tab 7, Initial Decision.

administrative judge found such an action was barred by res judicata.  CID at 10-12.  The administrative judge's compliance initial decision was issued on June 11, 2015, and stated that it would become final on July 16, 2015, unless a petition for review was filed by that date.  CID at 13.

¶4        The appellant filed a petition for review of the compliance initial decision through the Board's e-Appeal system on September 3, 2015, 49 days after the compliance initial decision became final.  Petition for Review (PFR) File, Tab 1.  In response to the Board's timeliness questionnaire, the appellant asserted that she sustained a physical on-the-job injury in April 2015, and underwent surgery at the end of June 2015, thus causing her to file her petition for review beyond the 35-day time limit.  *Id*. at 3.  The appellant further alleged that she was prescribed "extreme medication" and that she finally was able to submit her petition for review in September.  *Id*.  The agency has filed a response in opposition to the petition for review arguing that the appellant's petition for review should be dismissed as untimely and, in the alternative, denied on its merits.  PFR File, Tab 4 at 6-8.  The appellant has filed a reply in further support of her petition for review.  PFR File, Tab 5.

¶5        The Board's regulations require that a petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if a party shows that she received the initial decision more than 5 days after it was issued, within 30 days after her receipt of the initial decision.  5 C.F.R. § 1201.114(e); *see Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 4 (2010).  The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing.  5 C.F.R. § 1201.114(g); *see Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 5 (2006).  To establish good cause, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Via*, 114 M.S.P.R. 632, ¶ 5.  Factors that may be considered in determining whether good cause exists

include: the length of the delay; the reasonableness of the excuse and showing of due diligence; whether the appellant is proceeding pro se; and whether she has presented evidence of the existence of extenuating circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to file her petition in a timely manner. *Id.*

¶6        The Board also has held that a party who demonstrates that her untimely filing was the result of her illness can show good cause for the untimely submission. *Sutton v. Office of Personnel Management*, 113 M.S.P.R. 576, ¶ 10 (2010), *aff'd*, 414 F. App'x 272 (Fed. Cir. 2011). To establish that an untimely filing was the result of illness, a party must: (1) identify the time period during which she suffered from the illness; (2) submit either medical evidence or other corroborating evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time. *Id.*; *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). Although a party need not demonstrate incapacitation during the filing period to demonstrate good cause, a party is required to explain why her alleged illness impaired her ability to meet the Board's filing deadline or seek an extension of time. *Sutton*, 113 M.S.P.R. 576, ¶ 10.

¶7        We find that the appellant has failed to demonstrate good cause for her untimely filing on review. In support of her argument that her recovery from surgery caused her to file her petition for review late, the appellant only alleges that she was prescribed "extreme medication to rebuild her shoulder" and that she "had to have a caretaker because [she] was so incapacitated." PFR File, Tab 1 at 3. The appellant, however, has offered no corroborating or medical evidence in support of this claim in either of her pleadings. *See Lacy*, 78 M.S.P.R. 434, 437 n*; PFR File, Tabs 1, 5. The Board previously has rejected similar claims of

good cause based on illness without corroborating documentation or evidence. *See Jimenez v. Social Security Administration*, 100 M.S.P.R. 287, ¶ 6 (2005). We note, moreover, that the appellant has offered no argument why she did not request an extension of time prior to undergoing surgery, or how she was prevented from making such a request before the administrative judge's initial decision became final. *See Minor v. Department of the Air Force*, 109 M.S.P.R. 692, ¶ 7 (2008) (finding that a failure to explain how the proffered reasons for the delay affected the appellant's ability to file a timely petition for review or request an extension precluded a finding of good cause for the late filing); PFR File, Tab 1 at 3.

¶8        Finally, although the appellant is proceeding pro se, the length of her delay in filing is significant. *See Parker v. Office of Personnel Management*, 80 M.S.P.R. 277, ¶ 3 (1998) (noting that a delay in filing of more than 1 month is significant). We accordingly find that the appellant has failed to substantiate her claim of good cause for her late filing, which we dismiss as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The compliance initial decision remains the final decision of the Board regarding the appellant's petition for enforcement.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS[3]**

You have the right to request further review of this final decision.

---

[3] The administrative judge failed to inform the appellant of her mixed-case right to appeal from the initial decision on her discrimination claims to the Equal Employment Opportunity Commission and/or the U.S. District Court. This was error, but it does not constitute reversible error, because we notify the appellant of her mixed-case appeal rights in this final order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on

time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:           _____

                                                   William D. Spencer
                                                   Clerk of the Board

Washington, D.C.