**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHARAZ HOSEIN,
                Appellant,

        v.

DEPARTMENT OF HOMELAND
   SECURITY,
                Agency.

DOCKET NUMBER
PH-0752-13-5332-I-2

DATE: July 8, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sharaz Hosein, Norwalk, Connecticut, pro se.

Carolyn D. Jones, Esquire, Williston, Vermont, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     The appellant appealed the agency's action removing him from his position of Law Enforcement Specialist with the Bureau of Immigration and Customs Enforcement (ICE).  *Hosein v. Department of Homeland Security*, PH-0752-13-5332-I-1, Initial Appeal File (IAF), Tab 1.  After holding a hearing, the administrative judge sustained the charged misconduct and affirmed the agency's removing the appellant.  *Hosein v. Department of Homeland Security*, PH-0752-13-5332-I-2, Appeal File (I-2 AF), Tab 19, Initial Decision (ID) at 21. The initial decision also informed the parties that it would become final, unless a party filed a petition for review by June 4, 2015.  ID at 21.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3     On June 4, 2015, the appellant filed a request for an extension to file his petition for review.  Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board granted the appellant's request and notified him that his petition for review had to be filed on or before July 6, 2015.  PFR File, Tab 2. On December 5, 2015, the appellant filed a submission that appeared to be a petition for review.  PFR File, Tab 3.  On December 29, 2015, the appellant filed a submission which states that, "per phone request," he is clarifying that his submission is a petition for review.  PFR File, Tab 4.  The agency has filed a response in which it argues, inter alia, that the appellant's petition for review should be dismissed as untimely filed.  PFR File, Tab 6.

¶4     A petition for review must be filed within 35 days after the date of issuance of the initial decision.  *Sutton v. Office of Personnel Management*, 113 M.S.P.R. 576, ¶ 5 (2010), *aff'd*, 414 F. App'x 272 (Fed. Cir. 2011); 5 C.F.R. § 1201.114(d). The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the delay in filing. *Id.*; *Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 5 (2006); 5 C.F.R. §§ 1201.12, 1201.114(f).  To establish good cause for an untimely filing, a party

must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5        Here, the appellant filed his petition for review over 5 months after the July 6, 2015 extended filing deadline. PFR File, Tab 1. On January 5, 2016, the Board notified the appellant that his petition for review was untimely filed and instructed him to file a "Motion to Accept Filing as Timely or to Waive Time Limit" form. PFR File, Tab 5. The appellant did not respond.

¶6        While it is somewhat unclear as to what the appellant is asserting in his petition for review, it is clear that he did not address the timeliness issue. PFR File, Tab 3. Submitted with the appellant's petition for review is a hospital discharge instruction sheet, which reflects that he was treated for an anxiety/panic attack on November 20, 2015, and that it was recommended that he follow up with a physician and a cardiologist. PFR File, Tab 3. To the extent the appellant may be asserting that he had medical issues that prevented him from timely filing his petition for review, the Board will find good cause for a filing delay where an appellant has demonstrated that he suffered from an illness that affected his ability to file on time. *Sutton*, 113 M.S.P.R. 576, ¶ 10; *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered

from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time. *Sutton*, 113 M.S.P.R. 576, ¶ 10; *Lacy*, 78 M.S.P.R. at 437. While there is no general incapacitation requirement, the appellant is required to explain why his alleged illness impaired his ability to meet the Board's filing deadline or seek an extension of time. *Sutton*, 113 M.S.P.R. 576, ¶ 10; *Lacy*, 78 M.S.P.R. at 437 n.*.

¶7        In this instance, the appellant submitted medical documentation from a hospital visit that occurred well after the filing deadline, and he fails to provide any explanation as to how his medical conditions on November 20, 2015, prevented him from timely filing his petition or a request for an extension of time. *See, e.g.*, *Ortiz v. Department of Justice*, 103 M.S.P.R. 621, ¶ 23 (2006) (finding that a letter by the appellant's physician that the appellant suffered from depression and other conditions was insufficient to justify the entire 3-year delay in filing a petition for review where the letter failed to state that the appellant's condition was so severe that he could not file a petition for review or seek help to do so). Thus, we find that the appellant has not demonstrated that his medical conditions prevented him from timely filing his petition for review.

¶8        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

<u>Discrimination Claims: Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). Title 5 of

the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.