**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTHONY W. SIMON,
 Appellant,

 v.

DEPARTMENT OF JUSTICE,
 Agency.

DOCKET NUMBERS
DA-1221-16-0269-W-1
DA-3330-15-0621-I-1

DATE: February 2, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony W. Simon, Lancaster, Texas, pro se.

Jennifer Merkle, Grand Prairie, Texas, for the agency.

John T. LeMaster, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his requests for corrective action in these joined appeals.  For the reasons

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

set forth below, the petition for review is DISMISSED as untimely filed without good cause shown for the delay.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2          On September 22, 2015, the appellant filed an appeal pursuant to the Veterans Employment Opportunities Act of 1998, alleging that his rights to veterans' preference were violated when the agency failed to select him for a position.  *Simon v. Department of Justice*, MSPB Docket No. DA-3330-15-0621-I-1, Initial Appeal File, Tab 1.  Thereafter, on March 16, 2016, he filed an individual right of action appeal, alleging that the agency retaliated against him for his protected whistleblowing activities.  *Simon v. Department of Justice*, MSPB Docket No. DA-1221-16-0269-W-1, Initial Appeal File (0269 IAF), Tab 1. The administrative judge joined the appeals and held the appellant's requested hearing.  0269 IAF, Tabs 15, 30.

¶3          On September 15, 2016, the administrative judge issued an initial decision denying the appellant's requests for corrective action in both appeals.  *Simon v. Department of Justice*, MSPB Docket Nos. DA-1221-16-0269-W-1, DA-3330-15-0621-I-1, Initial Decision (ID) (Sept. 15, 2016).  She provided notice to the appellant that the initial decision would become final unless a petition for review was filed by October 20, 2016.  ID at 2.

¶4          The appellant filed his petition for review on October 21, 2016.  Petition for Review (PFR) File, Tab 1.  In an acknowledgment letter from the Office of the Clerk of the Board (Clerk), the Clerk informed the appellant that the Board may dismiss his petition for review as untimely filed unless he submitted a motion showing that his petition for review was timely filed or that good cause existed for the filing delay.  PFR File, Tab 2.  The Clerk enclosed a "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit." *Id.*  The Clerk's letter afforded the appellant until November 8, 2016, to file that motion.  *Id.*

¶5   On November 15, 2016, seven days after the deadline established by the Clerk, the appellant filed a motion on the timeliness of his petition for review. PFR File, Tab 3.  In the motion, the appellant avers that he was under a doctor's care for the flu, and for abrasions on his vocal chords as a result of the flu, during the week of October 13, 2016.  *Id.* at 4.  He states that, when he returned to work, he filed his petition for review and it was then that he discovered he was 1 day late.  *Id.*  He attached to his motion a doctor's note, which stated that the appellant had been under a doctor's care as of October 13, 2016, and that he could return to work on October 18, 2016.  *Id.* at 7.

¶6   The agency moved to strike the appellant's motion as untimely filed and, alternatively, for leave to file a response to his petition for review.  PFR File, Tab 4.  Attached to its motion, the agency submitted certain Time and Attendance records for the appellant.  *Id.* at 11-14.  The records show that, from October 13 to October 20, 2016, the appellant worked for 8 hours every day except on October 17, 2016, when he worked for 6 hours and used 2 hours of annual leave, and on October 20, 2016, when he worked for 3 hours and used 5 hours of annual leave.  *Id.* at 12-13.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7   A petition for review generally must be filed within 35 days after the date of issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision.  5 C.F.R. § 1201.114(e).  Here, the administrative judge issued the initial decision on September 15, 2016, making the petition for review due on or before October 20, 2016.  ID at 2.  The administrative judge informed the appellant of this deadline in the initial decision.  *Id.*  The appellant, however, filed his petition for review on October 21, 2016.  PFR File, Tab 1.  We thus find that the appellant filed his petition for review 1 day late.

¶8      The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the filing delay.  5 C.F.R. § 1201.114(g).  The party submitting the untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014).  To determine whether a party has established good cause, the Board will consider the length of the delay, the reasonableness of the excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition.  *Id.*

¶9      In addition, the Board will find good cause to waive the time limit for filing when an appellant has demonstrated that he suffered from an illness that affected his ability to file on time.  *Sutton v. Office of Personnel Management*, 113 M.S.P.R. 576, ¶ 10 (2010), *aff'd*, 414 F. App'x 272 (Fed. Cir. 2011); *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).  To establish that an untimely filing was the result of an illness, the party must do the following: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his appeal or a request for an extension of time.  *Sutton*, 113 M.S.P.R. 576, ¶ 10.  The proffered medical evidence must address the entire period of the delay.  *Jerusalem v. Department of the Air Force*, 107 M.S.P.R. 660, ¶ 5, *aff'd*, 280 F. App'x 973 (Fed. Cir. 2008).  While there is no general incapacitation requirement, the appellant is required to explain why his alleged illness impaired his ability to meet the Board's filing deadline or seek an extension of time.  *Sutton*, 113 M.S.P.R. 576, ¶ 10.

¶10    Although the appellant is proceeding pro se and the 1-day filing delay was minimal, the Board has consistently denied a waiver of its regulatory filing deadline when a good reason for the delay is not shown. *See Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶ 10 (2009). Here, the appellant claims that good cause exists for the filing delay because he was sick in bed with the flu. PFR File, Tab 3 at 5.[2] However, he does not adequately explain how his illness prevented him from timely filing his petition for review or requesting an extension of time to do so. Moreover, even if the appellant could make the required showing, the medical documentation he provided cleared him to work on October 18, 2016, two days before the filing deadline. *Id.* at 7. Further, although the appellant claims he was out of work and in bed sick with the flu during the week of October 13, 2016, the agency produced his Time and Attendance records that show, with only two exceptions when he used annual leave as described above, that he reported to work during that time period. PFR File, Tab 4 at 12-13. Under these circumstances, we find that the appellant has failed to demonstrate good cause for his untimely filing.

¶11    Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's requests for corrective action.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[2] We deny the agency's motion to strike the appellant's motion on timeliness as untimely filed. PFR File, Tab 4. Although the appellant has not established good cause for his untimely filing, we nevertheless have considered his pleading in making our determination concerning the timeliness of his petition for review. PFR File, Tab 3.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.