**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TOM PHAN,

      Appellant,

     v.

DEPARTMENT OF VETERANS
   AFFAIRS,

      Agency.

DOCKET NUMBER
SF-1221-20-0119-W-1

DATE: July 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shirley A. de Best, Esquire, Salem, Oregon, for the appellant.

Eric LaZare, San Diego, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as untimely filed without good cause shown. On review, the appellant argues that he was confused regarding the process and believed that he could not file a Board appeal following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the termination of the Office of Special Counsel (OSC) of its inquiry into his claim of reprisal for whistleblowing because he had filed an equal employment opportunity complaint. Petition for Review File, Tab 1 at 3-5. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the doctrine of equitable tolling instead of good cause to determine whether the appellant's untimely filing should be excused, we AFFIRM the initial decision.

In her initial decision, the administrative judge found that the appellant's appeal was filed over 30 days after the deadline date and that the appellant had not shown good cause for the untimely filing. Initial Appeal File (IAF), Tab 14, Initial Decision (ID).[2] As explained below, this matter should have been analyzed using the equitable tolling doctrine as opposed to the good cause standard.

_____

[2] The administrative judge miscalculated the appellant's deadline to file his IRA appeal as October 25, 2019. ID at 3. The appellant's deadline to file his IRA appeal was October 24, 2019, i.e., 65 days from the date of the close out letter, August 20, 2019. IAF, Tab 1 at 32. Due to this miscalculation, the administrative judge erred in stating that the appellant was 31 days late in filing his IRA appeal. ID at 3. In actuality, the appellant was 32 days late in filing his IRA appeal. IAF, Tab 1. However, because the error in calculation has no impact on the analysis of this appeal, there is no need to modify the Initial Decision to correct this error.

Under 5 U.S.C. § 1214(a)(3)(A)(ii), once OSC closes its investigation into a complaint of whistleblower retaliation, an appellant may file an IRA appeal with the Board within 60 days. Under the Board's regulations implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the day that OSC issues its close-out letter, or, if the letter is received more than 5 days after issuance, within 60 days of the date of receipt.[3] 5 C.F.R. § 1209.5(a)(1). Notwithstanding the implementing provisions of 5 C.F.R. § 1209.5(a), the filing period of an IRA appeal is statutory—not regulatory. 5 U.S.C. § 1214(a)(3)(A)(ii); *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 9 (2014). Unlike the Board's regulatory time limits for appeals filed under 5 U.S.C. § 7701, the statutory time limit for filing an IRA appeal cannot be waived for good cause shown because there is no statutory mechanism for doing so. *Heimberger*, 121 M.S.P.R. 10, ¶ 9.

However, a statutory filing deadline might be subject to equitable tolling, under which the filing period is suspended for equitable reasons, such as when the appellant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass or where he filed a defective pleading during the statutory period. *Wood v. Department of the Air Force*, 54 M.S.P.R. 587, 593 (1992). Equitable tolling does not extend to mere excusable neglect. *Id.* It is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the appellant has been pursuing his rights diligently and some extraordinary circumstances stood in his way. *Heimberger*, 121 M.S.P.R. 10, ¶ 10.

For the same reasons the administrative judge found that the appellant did not establish that good cause existed for his delay, the appellant does not establish that equitable tolling of the deadline is appropriate. ID at 3-6. As the standard for finding good cause is lower (easier to meet) than the standard for

---

[3] The 65-day time limit to file an IRA appeal set forth in the Board's regulations allows for 5 days for the appellant to receive OSC's notice that it is closing its inquiry.

finding equitable tolling, there is no reason to disturb the administrative judge's findings, absent to modify the final order to apply the equitable tolling doctrine. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that adjudicatory error that is not prejudicial to a party's substantive rights does not provide a basis for reversal).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          *Gina K. Grippando*

                                 _____

                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.